## Kaltenbach, Appellant, v. The City of Erie.

Argued October 3, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Charles P. Hewes,* for appellant.

*T. P. Dunn,* and with him *J. B. Held,* for appellee.—
An appeal to question the original jurisdiction of a
tribunal must be taken within fifteen days of a decision
of the jurisdictional question and no letter. Act of
May 5, 1925, P. L. 23: Skelton v. Lower Merion Twp.,
298 Pa. 471; Staryeu v. Midouhas et al., 299 Pa. 352.

PER CURIAM, November 20, 1930:
On the 11th day of April, 1928, the plaintiff pre-
sented his petition to the Court of Common Pleas of
Erie County asking for the appointment of viewers to
fix and determine the damages to the leasehold which
he held in said city, resulting from a change of grade
of the street on which the property in which the peti-
tioner had a leasehold abutted. The matter arose
through an ordinance of the City of Erie, under a con-
tract between the said city and the Pennsylvania Rail-
road Company and the New York Central Railroad
Company providing for the elimination of a certain
grade crossing.

The viewers were appointed. On April 27, 1928, the
City of Erie presented a petition to the court for the
vacation of the appointment of viewers, alleging that
the court had no jurisdiction; that the matter in the
first instance was one for the Public Service Commis-
sion and that there was no authority for the appoint-
ment of the viewers. A rule to show cause was
granted and on May 3, 1928, the court made the rule
absolute without prejudice.

More than two years thereafter, on June 19, 1930,
the court below entered the following order: "The
order of May 3, 1928, is amended to read as follows:
The rule, therefore, granted April 30, 1928, to show
cause why the appointment of viewers should not be
vacated is now, June 19, 1930, made absolute and the
proceedings dismissed, without prejudice."

We are all of the opinion that the order first made

was a final order and that the present appeal is too late. The petition to vacate was directed to the want of jurisdiction on the part of the court to appoint the viewers. The matter involved was definitely decided by the court and ended the proceedings. The subsequent order made, as we have already observed, more than two years thereafter changed nothing.

The appeal is quashed.